Citation Nr: 1452667 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 07-36 635 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to an initial disability rating higher than 10 percent prior to October 2, 2012, and higher than 50 percent thereafter, for anxiety disorder.

3. Entitlement to a total disability rating due to individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

A. Gibson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 2001 to June 2005.

These matters are before the Board of Veterans' Appeals (Board) on appeal from August 2006 and September 2007 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Board broadly construes the statements accompanying the Veteran's October 2007 VA Form 9, wherein he appealed the denial of service connection for PTSD to the Board, as a Notice of Disagreement (NOD) to the initial rating for anxiety disorder NOS that was granted in September 2007. The Veteran's VA Form 9 also raised the issue of entitlement to a TDIU. Accordingly, these issues have been added for consideration, as reflected above. These issues are REMANDED to the AOJ for further development.

The issue of entitlement to service connection for PTSD has been remanded multiple times for additional development. As directives from the May 2013 remand still have not been completed, this issue is again REMANDED to the AOJ for additional development.


REMAND

In May 2013, the Board directed that a history of the USS Nimitz from April to September 2003 be obtained, and that a medical opinion be obtained as to whether PTSD could be attributed to a fear of hostile or terrorist activity while aboard the ship at that time. Although multiple requests were made for records of the USS Nimitz, no response has been received. On remand, additional efforts must be made to obtain these records. Further, medical opinions have been obtained in regard to whether his specific stressors represent fear of hostile or terrorist activity, but there has been no opinion as to whether fear of hostile or terrorist activity while serving in the Arabian Gulf and Arabian Sea from April to September 2003 on the USS Nimitz caused his PTSD. On remand, a supplemental opinion is to be obtained.

The October 2007 VA Form 9 is being construed as a NOD to the September 2007 decision assigning an initial rating of 10 percent for anxiety disorder NOS. Accordingly, a Statement of the Case (SOC) must be issued in regard to that claim. Manlincon v. West, 12 Vet. App. 119 (1998).

The October 2007 VA Form 9 also raises the issue of entitlement to a TDIU. Rice v. Shinseki, 22 Vet. App. 447 (2009). As this request has not been developed, and is inextricably intertwined with the claim for a higher initial rating for anxiety disorder NOS, this must also be remanded. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is REMANDED for the following action:

1. Issue a SOC to the Veteran, with a copy to his representative, addressing the Veteran's claim for a higher initial disability rating for his anxiety disorder.

2. Send the Veteran the appropriate notice as to how to substantiate a request for a TDIU. Ask that he complete an Application for Increased Compensation based on Unemployability (VA Form 21-8940).

3. Contemporaneously, ask the Veteran to identify all recent mental health treatment received, and make arrangements to obtain all records not already associated with the claims file, to include updated VA treatment records.

4. Obtain a history of the USS Nimitz from April to September 2003 from the proper custodian. If efforts do not result in any records, the Veteran should be so notified.

5. Schedule the Veteran for an appropriate examination to determine the severity of his anxiety disorder NOS. A complete examination should be conducted, along with a detailed mental status. The examiner is asked to opine on the severity of his anxiety disorder both prior to October 2012 and after, and is to comment on the effects of his anxiety on his functional abilities and how that disability could possibly affect his ability to work. 

Contemporaneously, the examiner is asked to review the claims file and to provide an opinion as to whether it is as likely as not (50 percent or greater probability) that the Veteran's PTSD was caused by a fear of hostile or terrorist activity while serving aboard the USS Nimitz from April to September 2003 while the ship was deployed in the Arabian Gulf and the Arabian Sea. The examiner is also asked if the Veteran's PTSD symptoms can be distinguished from his anxiety symptoms, and if so, which symptoms can be attributed to each diagnosis. 

All opinions are to be accompanied by explanatory rationale, that is, with citation to examples in the record or to accepted medical knowledge.

6. Following completion of the above directive, review the claims file to ensure compliance with this remand. If the examination report does not include adequate responses to the specific opinions requested, it must be returned to the examiner for corrective action.

7. Finally, after completing all of the above, and any additional development deemed warranted, readjudicate the claim on appeal. 
If the benefit on appeal remains denied, furnish the Veteran and his representative with a copy of a supplemental statement of the case (SSOC) and allow an appropriate time for response. Thereafter, return the file to the Board for further appellate consideration. The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
B. W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).